David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DONALD ROBINSON*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ROBINSON,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>FMMR INVESTMENTS, INC. D/B/A RAPID CASH D/B/A SPEEDY CASH,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, DONALD ROBINSON, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone

without consent, thereby violating the TCPA.

2. This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Defendants have through their conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

5. Defendant FMMR INVESTMENTS, INC. D/B/A RAPID CASH D/B/A RAPID CASH is a "licensee" as that term is defined by NRS 604A.

6. NRS 604A.415 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

7. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of

the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

9. The Plaintiff, DONALD ROBINSON ("Plaintiff" or "Mr. Robinson"), is an adult individual residing in Las Vegas, Nevada.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant FMMR INVESTMENTS, INC. dba RAPID CASH dba SPEEDY CASH ("Defendant" or "RAPID CASH"), is doing business in the State of Nevada.

12. RAPID CASH is licensed with the State of Nevada Department of Business & Industry Financial Institutions Division license No. CDTH10327.

13. RAPID CASH's License No. CDTH10327 permits RAPID CASH to engage in the business of "high interest", "title", "check cashing" and "deferred deposit" loans in the State of Nevada.

14. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

15. RAPID CASH at all times acted by and through one or more of the Collectors.

# ALLEGATIONS APPLICABLE TO ALL COUNTS

## A. The Debt

16. Plaintiff allegedly incurred a financial obligation (the "Debt") to RAPID CASH.

17. The Debt was a "high-interest loan" as defined by NRS 604A.0703.

18. NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

19. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

## B. RAPID CASH Engages in Harassment and Abusive Tactics

20. Struggling to meet his financial obligations, in 2015 Mr. Robinson made a mistake he would soon regret when he applied for and received several high interest loans from the Defendant, RAPID CASH.

21. Over the course of the next year, Mr. Robinson faithfully repaid his loans with RAPID CASH, which RAPID CASH would then renew and Mr. Robinson would continue to repay.

22. However, in May 2016 Mr. Robinson found himself struggling to

repay all his household bills as they came due.

23. Mr. Robinson then consulted with and subsequently hired a bankruptcy attorney.

24. Thereafter, Mr. Robinson, now in contemplation of filing Chapter 13 Bankruptcy, ceased payments to his creditors, including Rapid Cash.

25. Accordingly, Mr. Robinson defaulted on the Debt in or about May 2016

26. On or about May 25, 2016, RAPID CASH called Mr. Robinson to collect the defaulted Debt and Mr. Robinson advised RAPID CASH's representative that he was filing a Bankruptcy.

27. On or about May 25, 2016, Mr. Robinson further instructed RAPID CASH's representative to cease communications with him at any number regarding the Debt and to contact his attorney with any collection communications.

28. Mr. Robinson provided his attorney's name and contact information.

29. However, despite RAPID CASH's clear knowledge of Mr. Robinson's intent to file Bankruptcy, revocation consent to place calls to his cell phone and attorney representation, RAPID CASH persisted in illegal collection conduct.

30. Specifically, after May 25, 2016, RAPID CASH continued calling Mr. Robinson twice per day, every day to collect the Debt.

31. Further, RAPID CASH placed collection calls from several different numbers making it difficult for the Plaintiff to know the identity of the entity calling his cell phone.

32. RAPID CASH called the Plaintiff's cell phone from, at least, the following numbers after he demanded calls to his cell phone cease: (602) 281-3625, (310) 735-0273, and (213) 271-9612.

33. When Mr. Robinson answered RAPID CASH's collection calls during this time-frame he continued instructing RAPID CASH's representatives to cease calls to his cell phone and to direct communications to his attorney.

34. In fact, on June 16, 2016, during another collection call, Mr. Robinson asked RAPID CASH's representative if RAPID CASH's account notes stated that Mr. Robinson was represented by an attorney.

35. RAPID CASH's representative confirmed that RAPID CASH's account notes in fact stated that Mr. Robinson was represented by an attorney and that the "note had been in the system for weeks."

36. This lawsuit results.

## C. **Plaintiff Suffered Actual Damages**

37. The Plaintiff has suffered and continues to suffer actual damages as a result of RAPID CASH's unlawful conduct.

38. Further, Plaintiff alleges that Defendants actions at all times herein

were "willful."

39. As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

40. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

41. The TCPA regulates, among other things, the use of automated telephone dialing systems.

42. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

43. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

44.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

45.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

46.     On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id*. at ¶ 30.

47.     Further, consumers (like the Plaintiff) may revoke consent through any reasonable means. *Id*. at ¶ 47.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

48. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id*. at ¶ 58.

49. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id*. at ¶ 61.

50. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id*. at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

51. Within the four years prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant from the following phone number: (602) 281-3625, (310) 735-0273, and (213) 271-9612.

52. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

53. Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "7033" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A). Specifically, there were slight pauses before each call connected.

54. Moreover, the calls were made using a pre-recorded voice.

55. On or about May 25, 2016, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

56. Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

57. However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

58. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

59. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

60. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

61. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

62. The Plaintiff suffered actual harm and loss, since the unwanted calls depleted the Plaintiff's cell phone's battery, and the cost of electricity to recharge the

phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from the Defendant's unwanted phone calls to the Plaintiff's cell phone.

63. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to the Plaintiff's personal phone line when the Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

64. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

65. Plaintiff was also personally affected, since the Plaintiff felt that the Plaintiff's privacy had been invaded when the Defendant placed calls to the Plaintiff's phone line without any consent to do so.

66. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.415)

67. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation

of NRS 604A.415.

69.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendant failed to identify itself, or failed to state that the Defendant was confirming or correcting collection information when it contacted a third party in an attempt to collect a debt from the Plaintiff.

70.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after it knew Plaintiff was represented by an attorney.

71.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

72.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

73.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt by placing calls from multiple cloaked numbers.

74.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

75. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

76. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

77. The Plaintiff is entitled to damages as a result of Defendants' violations.

78. The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq*.)

79. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

80. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

81. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

82. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

83. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

84. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

85. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

86. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

87. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

88. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for statutory damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

6. "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

10. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 2, 2016

        Respectfully submitted,

        By  /s/ David H. Krieger, Esq.

        David H. Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Avenue, Suite 350
        Henderson, Nevada 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: dkrieger@hainesandkrieger.com

        Attorney for Plaintiff
        *DONALD ROBINSON*